# EXHIBIT A

**EFiled: Apr 18 2024 02:11PM EDT**
**Transaction ID 72777757**
**Case No. K24C-04-018 JJC**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROSS FONTANA | \| | |
| | \| | |
| | \| | |
| Plaintiff, | \| | C.A. No. |
| | \| | |
| v. | \| | Jury Trial Demanded |
| | \| | |
| CSX CORPORATION, | \| | |
| CSX TRANSPORTATION, INC., | \| | |
| and ANITA ORONZIO and | \| | |
| GABRIEL ORONZIO, III, as Personal | \| | |
| Representatives of THE ESTATE | \| | |
| OF LUIGI ORONZIO, | \| | |
| | \| | |
| Defendants. | \| | |

## COMPLAINT

1.    Plaintiff Ross Fontana is a resident of the State of Pennsylvania.

2.    Defendant CSX Corporation is a Virginia corporation and has a

principal place of business at 500 Water Street, Jacksonville, Florida.  Its registered

agent for service of process is CT Corporation System, 4701 Cox Road, Suite 285,

Glen Allen, VA 23060-6808.  Upon information and belief, CSX Corporation is

the parent company of defendant CSX Transportation, Inc.

3.    Defendant CSX Transportation, Inc. ("CSXT") is a Virginia

corporation and has a principal place of business at 500 Water Street, Jacksonville,

Florida.  Its registered agent for service of process is The Corporation Trust

Company, 1209 Orange Street, Wilmington, DE 19801.  Upon information and

belief, CSX Transportation has railroad lines, tracks, engines and boxcars which it owns, maintains and operates in Delaware. The two CSX defendants are hereafter referred to as "Railroad Defendants".

4.      Luigi Oronzio was a resident of the State of Delaware.

5.      Anita Oronzio and Gabriel Oronzio, III as Personal Representatives of the Estate of Luigi Oronzio can be served at the law offices of Baird Mandalas Brockstedt & Federico at 2711 Centerville Road, Suite 401, Wilmington, DE 19808.

## MATERIAL FACTS

6.      Unbeknownst to many drivers and passengers that find themselves at the New London Crossing, at all relevant times, the location was in a dangerous and defective condition that had previously resulted in at least one death and several other crashes when the confusing layout and poor condition of New London Crossing put drivers and passengers in peril.

7.      By way of a few examples, in November of 2012, a UPS truck driver out to make a delivery got stuck on the tracks at New London Crossing and was critically injured when a train barreled down the tracks and struck the truck.

8.    In 1999, a passenger who was asleep in a car that was stopped on the tracks was killed when a train struck the vehicle and efforts to remove him from the vehicle beforehand had failed.

9.    After yet another close call following the string of incidents, in 2015, CSX, who had known of the prior incidents, met with individuals from the Delaware Department of Transportation, but failed to adequately address the danger with any adequate precautionary measures.

10.    On March 10, 2022 – less than six weeks prior to the incident at hand, a driver who attempted to turn left at the crossing had his vehicle get stuck on the tracks. Due to the fast action and help of two good Samaritans and police officers, the driver and two passengers were able to get out of the car before the train crashed into and totaled the car. This followed another incident of a car getting stuck on the tracks on the same rail crossing *only four days earlier*.

11.    On April 22, 2022, Plaintiff Ross Fontana ("Fontana"), Luigi Oronzio ("Oronzio") and a number of friends were socializing at a north campus apartment near the University of Delaware.

12.    That same night, Oronzio drove Fontana and some friends in his Toyota Camry from that north campus apartment to another friend's house to continue socializing. Oronzio had consumed alcohol prior to this incident.

13.    When driving to the friend's house, Oronzio drove the wrong way down New London Rd. towards W. Main St., and the vehicle became stuck and stranded in the railroad crossing between New London Rd. and W. Main St. ("New London Crossing"). The vehicle became stuck in the railroad crossing when Oronzio attempted to course correct after he realized he was going the wrong way on New London Rd.

14.    At the time of this incident, the New London Crossing was in a defective and dangerous condition so as to allow motor vehicles to become stuck and stranded in the railroad crossing. Due to the defective and dangerous condition of New London Crossing, Oronzio's vehicle became stuck on the train track and could not be moved.

15.    Moments later, an eastbound CSX train Q26120 with locomotives CSXT 889 and CSXT 3048 approached New London Crossing.

16.    Seeing the oncoming train, Oronzio was assisting Plaintiff Fontana to exit the immovable car as the train continued approaching New London Crossing and was struck by the car and/or the train after the train collided with the Camry.

17.    Oronzio died on April 27, 2022 as a result of the injuries he suffered in this incident.

18.    Plaintiff Fontana suffered severe and disabling injuries as a result of the collision including, but not limited to, multiple severe arm fractures, a

metacarpal deformity, an injured thigh muscle, permanent scarring, lumbar radiculopathy, severe back pain, recurring headaches, PTSD, severe depression and anxiety disorder.

19.   The locomotive that collided with the Camry was owned and operated by one or both Defendants CSX and CSXT.

20.   New London Crossing – including warning devices, roadway, and crossing surfaces – was designed, approved, built, maintained and/or under the control of the Railroad Defendants at all times relevant to the averments in this Complaint.

21.   Railroad Defendants were responsible for the design, construction, safety, maintenance and upkeep of the New London Crossing at all times relevant to the averments in this Complaint.

## COUNT I. NEGLIGENCE AND RECKLESSNESS
## (RAILROAD DEFENDANTS)

22.   Plaintiff incorporates the allegations of paragraphs 1-21 as though same were fully set forth at length herein.

23.   At all times relevant and material hereto, Railroad Defendants owed a duty to individuals such as Ross Fontana to exercise reasonable and ordinary care in the design, construction and maintenance of New London Crossing.

24.     At all times relevant and material hereto, Railroad Defendants owed a duty to individuals such as Ross Fontana to exercise reasonable and ordinary care to avoid creating an unnecessary risk of collisions at railroad crossings, including but not limited to, the duty to warn of an oncoming train at railroad crossings and to minimize the risk of a vehicle becoming stuck and stranded in the New London Crossing.

25.     By committing the acts and omissions described herein, Railroad Defendants breached said duties of care.

26.     Railroad Defendants breached said duties of care by (a) violating Federal Standards, including but not limited to the Code of Federal Regulations; (b) violating the laws of the State of Delaware; and (c) violating Railroad Defendants' internal code of operations, as well as the General Code of Operating Rules.

27.     Railroad Defendants' breaches of said duties of care include, but are not limited to:

a.  Failure to design, construct and maintain a safe crossing at the accident location;

b.  Inadequate maintenance of the crossing, including but not limited to the railroad tracks, roadway surface, sight distances, crossing devices, and the surrounding area;

c. Failure to have a proper warning/alarm system or maintain a warning/alarm system;

d. Failure to have a security arm coming towards the track northbound on New London Road;

e. Failure to eliminate, or permitting the existence of a dangerous condition to exist and subjecting the area to an unreasonable risk of injury to the public;

f. Failure to erect barriers to prevent errant vehicles from becoming stuck on New London Crossing;

g. Failure to develop and/or implement a reasonable policy for identifying its particularly dangerous or ultrahazardous railroad crossings;

h. Failure to eliminate or reduce the dangers presented to motorists at New London Crossing;

i. Failure to eliminate track impediments causing vehicles to become stuck on the railroad tracks;

j. Failure to properly grade New London Crossing causing vehicles to get stuck;

k. Failure to exercise reasonable care and skill by creating, failing to eliminate, or permitting the existence of obstructions in the sight

lines around New London Crossing thereby allowing a dangerous condition to exist and causing an unreasonable risk of injury to the public;

l.  Allowing the train to exceed the Class speed limit;

m. Causing a collision with the Oronzio vehicle;

n.  Failure to have advanced whistle boards;

o.  In a manner as may be further revealed through discovery.

28.    Railroad Defendants breached said duties of care despite an extensive history of vehicle accidents at New London Crossing, which has been cited as "one of the state's most dangerous" railway crossings.[1].

29.    Railroad Defendants had notice of this danger as evidenced by prior conversations and meetings with Delaware Department of Transportation and City of Newark officials and two publicized incidents approximately two months prior to the April 22, 2022 crash.[2]

30.    The collision and damages as described herein were the direct and proximate result of the negligence and recklessness of Railroad Defendants.

---

[1] Shannon, Josh. *Train crash highlights danger at Main Street rail crossing.* The Newark Post. April 1, 2016. https://www.newarkpostonline.com/news/train-crash-highlights-danger-at-main-street-rail-crossing/article_ef464c1b-d461-564e-99d7-53ac1a686609.html
[2] *Id.*

31.    The negligence and recklessness of the agents, servants, workmen and/or employees of Railroad Defendants occurred within the course and scope of said employment and/or agency with Railroad Defendants, is imputed upon Railroad Defendants and said Defendant(s) are liable for same.

32.    Railroad Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of others, including Plaintiff thereby entitling Plaintiff to punitive and exemplary damages so as to punish and deter Railroad Defendants from similar conduct in the future.

## COUNT II. NEGLIGENCE (THE ESTATE OF LUIGI ORONZIO)

33.    Plaintiff incorporates the allegations of paragraphs 1-32 as though same were fully set forth at length herein.

34.    At all times relevant and material hereto, defendant Luigi Oronzio owed a duty to Plaintiff to exercise reasonable and ordinary care, and to avoid creating the risk of collision while driving a motor vehicle.

35.    Defendant Oronzio was a proximate cause of the collision and all injury therefrom, by negligently:

(a)    Operating a vehicle in a careless or imprudent manner, in violation of 21 **DEL.C.** § 4176(a) and common law;

(b)    Operating a vehicle in an inattentive manner, in violation of 21 **DEL.C.** §

 4176(b);

(c)    Failing to maintain a proper lookout, in violation of 21 **DEL.C.** § 4176(b);

(d)    Operating the vehicle while under the influence of alcohol; and

(e)    Failing to maintain a vehicle under proper control.

(f)    The accident and damages as described herein were a direct and proximate result of the negligent and careless acts and omissions of Oronzio.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) Past, present, and future pain and suffering;

(b) Compensation for permanent injuries;

(c) Past, present, and future medical expenses;

(d) Impairment of past, present, and future earning potential;

(e) Impairment of past, present, and future enjoyment of life;

(f) General pain and suffering;

(g) Court costs;

(h) Punitive damages; and

(i) Any other relief which the Court deems just and equitable.

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff