# **EXHIBIT B**

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | \| |
| | \| |
| | \| |
| Plaintiff, | \| C.A. No. |
| | \| |
| v. | \| Jury Trial Demanded |
| | \| |
| CSX CORPORATION, | \| |
| CSX TRANSPORTATION, INC., | \| |
| and ANITA ORONZIO and | \| |
| GABRIEL ORONZIO, III, as Personal | \| |
| Representatives of THE ESTATE | \| |
| OF LUIGI ORONZIO, | \| |
| | \| |
| Defendants. | \| |

**THE STATE OF DELAWARE:**

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

  To summon defendant **CSX TRANSPORTATION, INC.**, by serving Summons and Complaint upon its Registered Agent for service of process: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, so that, within 20 days after service hereof, exclusive of the day of service, defendant shall serve upon Roger D. Landon, Esq., attorney for the above-named plaintiff and whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the complaint.

Prothonotary

*Per Deputy*

00295605.1

**TO THE ABOVE-NAMED DEFENDANT:**

  In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney, named above, an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

*annetto ashley*

Prothonotary

*Per Deputy*

00295605.1

**EFiled: Apr 18 2024 02:11PM EDT**
**Transaction ID 72777757**
**Case No. K24C-04-018 JJC**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | \| |
| | \| |
| | \| |
| Plaintiff, | \|  C.A. No. |
| | \| |
| v. | \|  Jury Trial Demanded |
| | \| |
| CSX CORPORATION, | \| |
| CSX TRANSPORTATION, INC., | \| |
| and ANITA ORONZIO and | \| |
| GABRIEL ORONZIO, III, as Personal | \| |
| Representatives of THE ESTATE | \| |
| OF LUIGI ORONZIO, | \| |
| | \| |
| Defendants. | \| |

**THE STATE OF DELAWARE:**

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

To summon defendants **ANITA ORONZIO AND GABRIEL ORONZIO, III, AS PERSONAL REPRESENTATIVES OF THE ESTATE OF LUIGI ORONZIO,** by serving Summons and Complaint upon Baird Mandalas Brockstedt & Federico, 2711 Centerville Road, #401, Wilmington, DE 19808, so that, within 20 days after service hereof, exclusive of the day of service, defendant shall serve upon Philip T. Edwards, Esq., attorney for the above-named plaintiff and whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the complaint.

*Anette M. Ashley*
Prothonotary

*Per Deputy*

00295606.1

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney, named above, an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

*Annette E. Ashley*
Prothonotary

_____
*Per Deputy*

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROSS FONTANA | \| | |
| | \| | |
| | \| | |
| Plaintiff, | \| | C.A. No. |
| | \| | |
| v. | \| | Jury Trial Demanded |
| | \| | |
| CSX CORPORATION, | \| | |
| CSX TRANSPORTATION, INC., | \| | |
| and ANITA ORONZIO and | \| | |
| GABRIEL ORONZIO, III, as Personal | \| | |
| Representatives of THE ESTATE | \| | |
| OF LUIGI ORONZIO, | \| | |
| | \| | |
| Defendants. | \| | |

## SUMMONS

**TO THE PLAINTIFF,**

**YOU ARE COMMANDED:**

To summon the non-resident defendant by serving Summons and Complaint, upon defendant CSX Corporation by serving its registered agent at: CT Corporation, 4701 Cox Road, #285, Glen Allen, VA 23060-6808 in accordance with 10 DEL.C. § 3104 so that, within 20 days after service hereof, exclusive of the day of service, defendant shall serve upon Philip T. Edwards, Esq., attorney for the above named plaintiff, and whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the Complaint.

Dated: 4/23/24

_Annette_ _Ashley_

Prothonotary

_Per Deputy_

00295608.1

**TO THE ABOVE-NAMED DEFENDANT:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney, named above, an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated: 4/23/24

                              Prothonotary

                              Per Deputy

00295608.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE ___ KENT _x_ SUSSEX_____
Civil Case Code: CPIN

Civil Action Number: _____
Civil Case Type: Personal Injury
(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

| Caption: | Name and Status of Party filing document: |
|---|---|
| Ross Fontana,<br><br>     Plaintiff,<br><br>  v.<br><br>CSX Corporation, CSX Transportation, Inc., and Anita Oronzio and Gabriel Oronzio, III, as Personal Representatives of the Estate of Luigi Oronzio,<br><br>     Defendant. | Plaintiff<br><br>Document Type:(e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>JURY DEMAND  YES _x_  NO ____<br><br>TRACK ASSIGNMENT REQUESTED (CHECK ONE):<br><br>EXPEDITED ___  STANDARD _X_  COMPLEX ___ |
| ATTORNEY NAME(S):<br><br>Philip T. Edwards, Esq.<br><br>ATTORNEY ID(S):<br><br>4393<br><br>FIRM NAME:<br><br>Murphy & Landon<br><br>ADDRESS:<br><br>1011 Centre Road, Suite 210<br><br>Wilmington, DE 19805<br><br>TELEPHONE NUMBER:<br><br>(302) 472-8100<br><br>FAX NUMBER:<br><br>(302) 472-8135<br><br>E-MAIL ADDRESS:<br><br>pedwards@msllaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>_____<br><br>_____<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br><br>_____<br><br>_____<br><br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br><br>_____<br><br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA

           Plaintiff,

    v.

CSX CORPORATION,
CSX TRANSPORTATION, INC.,
and ANITA ORONZIO and
GABRIEL ORONZIO, III, as Personal
Representatives of THE ESTATE
OF LUIGI ORONZIO,

           Defendants.

|||
|---|---|
| C.A. No. ||
| Jury Trial Demanded ||

## PRAECIPE FOR SUMMONSES

**TO:  PROTHONOTARY**

**PLEASE ISSUE WRIT** commanding the Sheriff of New Castle County to summon defendants as follows:

1.    CSX Transportation, Inc. by serving Summons and Complaint upon its Registered Agent for service of process:  The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801;

2.    Anita Oronzio and Gabriel Oronzio, III as Personal Representatives of the Estate of Luigi Oronzio upon: Baird, Mandalas, Brockstedt & Federico at 2711 Centerville Road, #401, Wilmington, DE 19808.

00295603.1

MURPHY & LANDON


*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA         |

                    |

        Plaintiff,         |   C.A. No.

                    |

v.                        |   Jury Trial Demanded

                    |

CSX CORPORATION,         |

CSX TRANSPORTATION, INC.,   |

and ANITA ORONZIO and       |

GABRIEL ORONZIO, III, as Personal   |

Representatives of THE ESTATE     |

OF LUIGI ORONZIO,         |

                    |

        Defendants.       |

## PRAECIPE FOR SUMMONS FOR DEFENDANT

**TO: PROTHONOTARY**

**PLEASE ISSUE WRIT** to undersigned counsel so that plaintiff may

summon defendant CSX Corporation, a non-resident corporation, to answer

in accordance with 10 **DEL.C.** § 3104

                            MURPHY & LANDON

                            */s/ Philip T. Edwards*

                            Roger D. Landon, I.D. No. 2460

                            Philip T. Edwards, I.D. No. 4393

                            Scott M. Himelein, I.D. No. 7065

                            1011 Centre Road, #210

                            Wilmington, DE 19805

                            302-472-8100

                            Attorneys for Plaintiff

00295607.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA                         |
                                     |
                                     |
            Plaintiff,               |     C.A. No.
                                     |
v.                                   |     Jury Trial Demanded
                                     |
CSX CORPORATION,                     |
CSX TRANSPORTATION, INC.,            |
and ANITA ORONZIO and                |
GABRIEL ORONZIO, III, as Personal    |
Representatives of THE ESTATE        |
OF LUIGI ORONZIO,                    |
                                     |
            Defendants.              |

## COMPLAINT

1.    Plaintiff Ross Fontana is a resident of the State of Pennsylvania.

2.    Defendant CSX Corporation is a Virginia corporation and has a

principal place of business at 500 Water Street, Jacksonville, Florida.  Its registered

agent for service of process is CT Corporation System, 4701 Cox Road, Suite 285,

Glen Allen, VA 23060-6808.  Upon information and belief, CSX Corporation is

the parent company of defendant CSX Transportation, Inc.

3.    Defendant CSX Transportation, Inc. ("CSXT") is a Virginia

corporation and has a principal place of business at 500 Water Street, Jacksonville,

Florida.  Its registered agent for service of process is The Corporation Trust

Company, 1209 Orange Street, Wilmington, DE 19801.  Upon information and

belief, CSX Transportation has railroad lines, tracks, engines and boxcars which it owns, maintains and operates in Delaware. The two CSX defendants are hereafter referred to as "Railroad Defendants".

4.    Luigi Oronzio was a resident of the State of Delaware.

5.    Anita Oronzio and Gabriel Oronzio, III as Personal Representatives of the Estate of Luigi Oronzio can be served at the law offices of Baird Mandalas Brockstedt & Federico at 2711 Centerville Road, Suite 401, Wilmington, DE 19808.

## MATERIAL FACTS

6.    Unbeknownst to many drivers and passengers that find themselves at the New London Crossing, at all relevant times, the location was in a dangerous and defective condition that had previously resulted in at least one death and several other crashes when the confusing layout and poor condition of New London Crossing put drivers and passengers in peril.

7.    By way of a few examples, in November of 2012, a UPS truck driver out to make a delivery got stuck on the tracks at New London Crossing and was critically injured when a train barreled down the tracks and struck the truck.

8.     In 1999, a passenger who was asleep in a car that was stopped on the tracks was killed when a train struck the vehicle and efforts to remove him from the vehicle beforehand had failed.

9.     After yet another close call following the string of incidents, in 2015, CSX, who had known of the prior incidents, met with individuals from the Delaware Department of Transportation, but failed to adequately address the danger with any adequate precautionary measures.

10.     On March 10, 2022 – less than six weeks prior to the incident at hand, a driver who attempted to turn left at the crossing had his vehicle get stuck on the tracks.  Due to the fast action and help of two good Samaritans and police officers, the driver and two passengers were able to get out of the car before the train crashed into and totaled the car.  This followed another incident of a car getting stuck on the tracks on the same rail crossing *only four days earlier*.

11.     On April 22, 2022, Plaintiff Ross Fontana ("Fontana"), Luigi Oronzio ("Oronzio") and a number of friends were socializing at a north campus apartment near the University of Delaware.

12.     That same night, Oronzio drove Fontana and some friends in his Toyota Camry from that north campus apartment to another friend's house to continue socializing.  Oronzio had consumed alcohol prior to this incident.

13.    When driving to the friend's house, Oronzio drove the wrong way down New London Rd. towards W. Main St., and the vehicle became stuck and stranded in the railroad crossing between New London Rd. and W. Main St. ("New London Crossing"). The vehicle became stuck in the railroad crossing when Oronzio attempted to course correct after he realized he was going the wrong way on New London Rd.

14.    At the time of this incident, the New London Crossing was in a defective and dangerous condition so as to allow motor vehicles to become stuck and stranded in the railroad crossing. Due to the defective and dangerous condition of New London Crossing, Oronzio's vehicle became stuck on the train track and could not be moved.

15.    Moments later, an eastbound CSX train Q26120 with locomotives CSXT 889 and CSXT 3048 approached New London Crossing.

16.    Seeing the oncoming train, Oronzio was assisting Plaintiff Fontana to exit the immovable car as the train continued approaching New London Crossing and was struck by the car and/or the train after the train collided with the Camry.

17.    Oronzio died on April 27, 2022 as a result of the injuries he suffered in this incident.

18.    Plaintiff Fontana suffered severe and disabling injuries as a result of the collision including, but not limited to, multiple severe arm fractures, a

metacarpal deformity, an injured thigh muscle, permanent scarring, lumbar radiculopathy, severe back pain, recurring headaches, PTSD, severe depression and anxiety disorder.

19.    The locomotive that collided with the Camry was owned and operated by one or both Defendants CSX and CSXT.

20.    New London Crossing – including warning devices, roadway, and crossing surfaces – was designed, approved, built, maintained and/or under the control of the Railroad Defendants at all times relevant to the averments in this Complaint.

21.    Railroad Defendants were responsible for the design, construction, safety, maintenance and upkeep of the New London Crossing at all times relevant to the averments in this Complaint.

## COUNT I. NEGLIGENCE AND RECKLESSNESS
## (RAILROAD DEFENDANTS)

22.    Plaintiff incorporates the allegations of paragraphs 1-21 as though same were fully set forth at length herein.

23.    At all times relevant and material hereto, Railroad Defendants owed a duty to individuals such as Ross Fontana to exercise reasonable and ordinary care in the design, construction and maintenance of New London Crossing.

24.     At all times relevant and material hereto, Railroad Defendants owed a duty to individuals such as Ross Fontana to exercise reasonable and ordinary care to avoid creating an unnecessary risk of collisions at railroad crossings, including but not limited to, the duty to warn of an oncoming train at railroad crossings and to minimize the risk of a vehicle becoming stuck and stranded in the New London Crossing.

25.     By committing the acts and omissions described herein, Railroad Defendants breached said duties of care.

26.     Railroad Defendants breached said duties of care by (a) violating Federal Standards, including but not limited to the Code of Federal Regulations; (b) violating the laws of the State of Delaware; and (c) violating Railroad Defendants' internal code of operations, as well as the General Code of Operating Rules.

27.     Railroad Defendants' breaches of said duties of care include, but are not limited to:

a.  Failure to design, construct and maintain a safe crossing at the accident location;

b.  Inadequate maintenance of the crossing, including but not limited to the railroad tracks, roadway surface, sight distances, crossing devices, and the surrounding area;

c.  Failure to have a proper warning/alarm system or maintain a warning/alarm system;

d.  Failure to have a security arm coming towards the track northbound on New London Road;

e.  Failure to eliminate, or permitting the existence of a dangerous condition to exist and subjecting the area to an unreasonable risk of injury to the public;

f.  Failure to erect barriers to prevent errant vehicles from becoming stuck on New London Crossing;

g.  Failure to develop and/or implement a reasonable policy for identifying its particularly dangerous or ultrahazardous railroad crossings;

h.  Failure to eliminate or reduce the dangers presented to motorists at New London Crossing;

i.  Failure to eliminate track impediments causing vehicles to become stuck on the railroad tracks;

j.  Failure to properly grade New London Crossing causing vehicles to get stuck;

k.  Failure to exercise reasonable care and skill by creating, failing to eliminate, or permitting the existence of obstructions in the sight

lines around New London Crossing thereby allowing a dangerous condition to exist and causing an unreasonable risk of injury to the public;

l.  Allowing the train to exceed the Class speed limit;

m. Causing a collision with the Oronzio vehicle;

n.  Failure to have advanced whistle boards;

o.  In a manner as may be further revealed through discovery.

28.    Railroad Defendants breached said duties of care despite an extensive history of vehicle accidents at New London Crossing, which has been cited as "one of the state's most dangerous" railway crossings.[1].

29.    Railroad Defendants had notice of this danger as evidenced by prior conversations and meetings with Delaware Department of Transportation and City of Newark officials and two publicized incidents approximately two months prior to the April 22, 2022 crash.[2]

30.    The collision and damages as described herein were the direct and proximate result of the negligence and recklessness of Railroad Defendants.

---

[1] Shannon, Josh. *Train crash highlights danger at Main Street rail crossing.* The Newark Post. April 1, 2016. https://www.newarkpostonline.com/news/train-crash-highlights-danger-at-main-street-rail-crossing/article_ef464c1b-d461-564e-99d7-53ac1a686609.html
[2] *Id.*

31.    The negligence and recklessness of the agents, servants, workmen and/or employees of Railroad Defendants occurred within the course and scope of said employment and/or agency with Railroad Defendants, is imputed upon Railroad Defendants and said Defendant(s) are liable for same.

32.    Railroad Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of others, including Plaintiff thereby entitling Plaintiff to punitive and exemplary damages so as to punish and deter Railroad Defendants from similar conduct in the future.

## COUNT II. NEGLIGENCE (THE ESTATE OF LUIGI ORONZIO)

33.    Plaintiff incorporates the allegations of paragraphs 1-32 as though same were fully set forth at length herein.

34.    At all times relevant and material hereto, defendant Luigi Oronzio owed a duty to Plaintiff to exercise reasonable and ordinary care, and to avoid creating the risk of collision while driving a motor vehicle.

35.    Defendant Oronzio was a proximate cause of the collision and all injury therefrom, by negligently:

(a)    Operating a vehicle in a careless or imprudent manner, in violation of 21 DEL.C. § 4176(a) and common law;

(b)    Operating a vehicle in an inattentive manner, in violation of 21 DEL.C. §

4176(b);

(c)     Failing to maintain a proper lookout, in violation of 21 **Del.C.** § 4176(b);

(d)     Operating the vehicle while under the influence of alcohol; and

(e)     Failing to maintain a vehicle under proper control.

(f)      The accident and damages as described herein were a direct and proximate result of the negligent and careless acts and omissions of Oronzio.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) Past, present, and future pain and suffering;

(b) Compensation for permanent injuries;

(c) Past, present, and future medical expenses;

(d) Impairment of past, present, and future earning potential;

(e) Impairment of past, present, and future enjoyment of life;

(f) General pain and suffering;

(g) Court costs;

(h) Punitive damages; and

(i) Any other relief which the Court deems just and equitable.

MURPHY & LANDON


*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | \| |
| | \| |
| | \| |
| Plaintiff, | \| C.A. No. |
| | \| |
| v. | \| Jury Trial Demanded |
| | \| |
| CSX CORPORATION, | \| |
| CSX TRANSPORTATION, INC., | \| |
| and ANITA ORONZIO and | \| |
| GABRIEL ORONZIO, III, as Personal | \| |
| Representatives of THE ESTATE | \| |
| OF LUIGI ORONZIO, | \| |
| | \| |
| Defendants. | \| |

## PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1.  Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

**ANSWER:** **Ross Fontana**
**2030 Valley View Drive**
**Folcroft, PA 19032**

**See Police Report.**

2.  Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

00295667.1

**ANSWER:  Plaintiff and his attorney, medical care providers, Defendant and its agents.  See police report.**

      3.    Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

**ANSWER:  Counsel has interviewed Plaintiff.**

      4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the personal having the original copies thereof.  (In lieu thereof, a copy can be attached.)

**ANSWER:  This information will be supplied after an appearance has been made on behalf of Defendant.**

      5.    Give the name and professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If any expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**ANSWER:  No experts have been retained to date.**

6.     Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

(a)    The name and address of all companies insuring the risk;

(b)    The policy number(s);

(c)    The type of insurance;

(d)    The amounts of primary, secondary and excess coverage.

**ANSWER:  Unknown at this time.**

7.     Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

**ANSWER:  This information will be supplied after an appearance has been made on behalf of Defendant.**

MURPHY & LANDON


*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
 302-472-8100
Attorneys for Plaintiff

EFiled:  Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA |

             Plaintiff,       | C.A. No.

v.                          | Jury Trial Demanded

CSX CORPORATION,        |
CSX TRANSPORTATION, INC.,  |
and ANITA ORONZIO and      |
GABRIEL ORONZIO, III, as Personal  |
Representatives of THE ESTATE  |
OF LUIGI ORONZIO,         |

             Defendants.   |

## PLAINTIFF'S RULE 3(h) STATEMENT

I.      Answers to Superior Court Civil Rule Form 30 Interrogatories are attached hereto.

II.     To be provided to defense counsel.

III.    To be provided to defense counsel without the need for further request as documentation is obtained.

[Signature Block to Follow]

00295666.1

MURPHY & LANDON


*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

**CERTIFIED MAIL**

9589 0710 5270 1493 3774 61



# UNITED STATES
## POSTAL SERVICE ®

# PRIORIT
# MAIL



...ed delivery date specified for domestic use.

...tic shipments include $100 of insurance (restrictions apply).*

...Tracking® service included for domestic and many international des...

...d international insurance.**

...used internationally, a customs declaration form is required.

...does not cover certain items. For details regarding claims exclusions see the ...Mail Manual at *http://pe.usps.com*.

...rnational Mail Manual at *http://pe.usps.com* for availability and limitations of coverag...

# T RATE ENVELOPE
## ATE ■ ANY WEIGHT

# CKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS COM/PICKUP


PS00001000014

EP14F July 2022

---

**P**

US POSTAGE
& FEES PD ℠
04/25/2024
From 19805
Zone 3

Pitney Bowes
CommPrice
Flat Rate Envelope

028W0002310106

2000060777

## USPS PRIORITY MAIL®

Philip Edwards
Murphy & Landon
1011 Centre Rd, Ste 210
Wilmington DE 19805-1266

Expected Delivery Date 04/27/2024

**0002**

Return Receipt Requested

**R016**

CSX CORP
CT CORPORATION
4701 COX RD, STE 285
GLEN ALLEN VA 23060-6808

### USPS CERTIFIED MAIL

9402 7091 0515 6073 5142 03



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

# MURPHY & LANDON
## —— INJURY ATTORNEYS ——

1011 CENTRE ROAD, STE 210
WILMINGTON, DE 19805
PHONE: 302·472·8100
FAX: 302·472·8135
WWW.MSLLAW.COM

PHILIP T. EDWARDS
DIRECT DIAL: 302- 472-8102
PEDWARDS@MSLLAW.COM

April 25, 2024

**VIA REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**
CSX Corporation
c/o CT Corporation
4701 Cox Road
Suite 285
Glen Allen, VA 23060-6808

**Re:    Ross Fontana v. CSX Corporation, et al.**
**C.A. No. K24C-04-018 JJC**

Dear Sir/Madam:

I represent the plaintiff Ross Fontana in this civil suit that is being brought against CSX Corporation.  Enclosed are two copies of the Plaintiff's Complaint with exhibit, Praecipe for Summons, and Summons.  Service of Process of this civil Complaint is being made upon CSX Corporation by this notice under the Delaware Long Arm Statute, 10 *Del.C.* §3104.  Pursuant to the provisions of 10 *Del.C.* §3104, this service is as effectual to all intents and purposes as if it had been made upon CSX Corporation within the State of Delaware.

Very truly yours,

Philip T. Edwards

PTE/hrj
Enclosure

00296324.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE ____ KENT __X__ SUSSEX_____    Civil Action Number: _____
Civil Case Code: CPIN                               Civil Case Type: Personal Injury

<small>(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)</small>

| Caption: | Name and Status of Party filing document: |
|---|---|
| Ross Fontana,<br><br>                                   Plaintiff,<br><br>     v.<br><br>CSX Corporation, CSX Transportation, Inc., and Anita Oronzio and Gabriel Oronzio, III, as Personal Representatives of the Estate of Luigi Oronzio,<br><br>                               Defendant. | Plaintiff<br><br>Document Type:(e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>JURY DEMAND  YES _x_  NO ____<br><br>TRACK ASSIGNMENT REQUESTED (CHECK ONE):<br><br>EXPEDITED ___  STANDARD _X_  COMPLEX ___ |
| ATTORNEY NAME(S):<br><br>Philip T. Edwards, Esq.<br><br>ATTORNEY ID(S):<br><br>4393<br><br>FIRM NAME:<br><br>Murphy & Landon<br><br>ADDRESS:<br><br>1011 Centre Road, Suite 210<br><br>Wilmington, DE 19805<br><br>TELEPHONE NUMBER:<br><br>(302) 472-8100<br><br>FAX NUMBER:<br><br>(302) 472-8135<br><br>E-MAIL ADDRESS:<br><br>pedwards@msllaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>_____<br><br>_____<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br><br>_____<br><br>_____<br><br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br><br>_____<br><br>_____<br><br><small>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.)</small> |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

00295668.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | &#124; |
| | &#124; |
| | &#124; |
| Plaintiff, | &#124; C.A. No. |
| | &#124; |
| v. | &#124; Jury Trial Demanded |
| | &#124; |
| CSX CORPORATION, | &#124; |
| CSX TRANSPORTATION, INC., | &#124; |
| and ANITA ORONZIO and | &#124; |
| GABRIEL ORONZIO, III, as Personal | &#124; |
| Representatives of THE ESTATE | &#124; |
| OF LUIGI ORONZIO, | &#124; |
| | &#124; |
| Defendants. | &#124; |

### PRAECIPE FOR SUMMONS FOR DEFENDANT

**TO: PROTHONOTARY**

**PLEASE ISSUE WRIT** to undersigned counsel so that plaintiff may

summon defendant CSX Corporation, a non-resident corporation, to answer

in accordance with 10 **DEL.C.** § 3104

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100
Attorneys for Plaintiff

00295607.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | \| |
| | \| |
| | \| |
| Plaintiff, | \| C.A. No. |
| | \| |
| v. | \| Jury Trial Demanded |
| | \| |
| CSX CORPORATION, | \| |
| CSX TRANSPORTATION, INC., | \| |
| and ANITA ORONZIO and | \| |
| GABRIEL ORONZIO, III, as Personal | \| |
| Representatives of THE ESTATE | \| |
| OF LUIGI ORONZIO, | \| |
| | \| |
| Defendants. | \| |

## PRAECIPE FOR SUMMONSES

**TO:  PROTHONOTARY**

**PLEASE ISSUE WRIT** commanding the Sheriff of New Castle County to summon defendants as follows:

1.    CSX Transportation, Inc. by serving Summons and Complaint upon its Registered Agent for service of process:  The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801;

2.    Anita Oronzio and Gabriel Oronzio, III as Personal Representatives of the Estate of Luigi Oronzio upon: Baird, Mandalas, Brockstedt & Federico at 2711 Centerville Road, #401, Wilmington, DE 19808.

00295603.1

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

**EFiled:  Apr 18 2024 02:11PM EDT**
**Transaction ID 72777757**
**Case No. K24C-04-018 JJC**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA

          Plaintiff,

v.

CSX CORPORATION,
CSX TRANSPORTATION, INC.,
and ANITA ORONZIO and
GABRIEL ORONZIO, III, as Personal
Representatives of THE ESTATE
OF LUIGI ORONZIO,

          Defendants.

|
|
|
| C.A. No.
|
| Jury Trial Demanded
|
|
|
|
|
|
|
|

**THE STATE OF DELAWARE:**

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

    To summon defendants **ANITA ORONZIO AND GABRIEL ORONZIO, III, AS PERSONAL REPRESENTATIVES OF THE ESTATE OF LUIGI ORONZIO,** by serving Summons and Complaint upon Baird Mandalas Brockstedt & Federico, 2711 Centerville Road, #401, Wilmington, DE 19808, so that, within 20 days after service hereof, exclusive of the day of service, defendant shall serve upon Philip T. Edwards, Esq., attorney for the above-named plaintiff and whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the complaint.

                            Prothonotary Colleen Redmond

                                _____

                                *Per Deputy*

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney, named above, an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Prothonotary Colleen Redmond

_____

*Per Deputy*

00295606.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | &#124; |
| | &#124; |
| | &#124; |
| Plaintiff, | &#124; C.A. No. |
| | &#124; |
| v. | &#124; Jury Trial Demanded |
| | &#124; |
| CSX CORPORATION, | &#124; |
| CSX TRANSPORTATION, INC., | &#124; |
| and ANITA ORONZIO and | &#124; |
| GABRIEL ORONZIO, III, as Personal | &#124; |
| Representatives of THE ESTATE | &#124; |
| OF LUIGI ORONZIO, | &#124; |
| | &#124; |
| Defendants. | &#124; |

**THE STATE OF DELAWARE:**

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

      To summon defendant **CSX TRANSPORTATION, INC.**, by serving Summons and Complaint upon its Registered Agent for service of process: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, so that, within 20 days after service hereof, exclusive of the day of service, defendant shall serve upon Roger D. Landon, Esq., attorney for the above-named plaintiff and whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the complaint.

                           Prothonotary Colleen Redmond

                           *Per Deputy*

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney, named above, an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Prothonotary Colleen Redmond

_____

*Per Deputy*

00295605.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA                              |

           Plaintiff,                    |      C.A. No.

                          |

v.                                        |      Jury Trial Demanded

                          |

CSX CORPORATION,                          |
CSX TRANSPORTATION, INC.,                 |
and ANITA ORONZIO and                     |
GABRIEL ORONZIO, III, as Personal         |
Representatives of THE ESTATE             |
OF LUIGI ORONZIO,                         |

                          |

           Defendants.                   |

## COMPLAINT

1.    Plaintiff Ross Fontana is a resident of the State of Pennsylvania.

2.    Defendant CSX Corporation is a Virginia corporation and has a principal place of business at 500 Water Street, Jacksonville, Florida. Its registered agent for service of process is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, VA 23060-6808. Upon information and belief, CSX Corporation is the parent company of defendant CSX Transportation, Inc.

3.    Defendant CSX Transportation, Inc. ("CSXT") is a Virginia corporation and has a principal place of business at 500 Water Street, Jacksonville, Florida. Its registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Upon information and

00294710.1

belief, CSX Transportation has railroad lines, tracks, engines and boxcars which it owns, maintains and operates in Delaware. The two CSX defendants are hereafter referred to as "Railroad Defendants".

4.      Luigi Oronzio was a resident of the State of Delaware.

5.      Anita Oronzio and Gabriel Oronzio, III as Personal Representatives of the Estate of Luigi Oronzio can be served at the law offices of Baird Mandalas Brockstedt & Federico at 2711 Centerville Road, Suite 401, Wilmington, DE 19808.

## MATERIAL FACTS

6.      Unbeknownst to many drivers and passengers that find themselves at the New London Crossing, at all relevant times, the location was in a dangerous and defective condition that had previously resulted in at least one death and several other crashes when the confusing layout and poor condition of New London Crossing put drivers and passengers in peril.

7.      By way of a few examples, in November of 2012, a UPS truck driver out to make a delivery got stuck on the tracks at New London Crossing and was critically injured when a train barreled down the tracks and struck the truck.

8.    In 1999, a passenger who was asleep in a car that was stopped on the tracks was killed when a train struck the vehicle and efforts to remove him from the vehicle beforehand had failed.

9.    After yet another close call following the string of incidents, in 2015, CSX, who had known of the prior incidents, met with individuals from the Delaware Department of Transportation, but failed to adequately address the danger with any adequate precautionary measures.

10.    On March 10, 2022 – less than six weeks prior to the incident at hand, a driver who attempted to turn left at the crossing had his vehicle get stuck on the tracks. Due to the fast action and help of two good Samaritans and police officers, the driver and two passengers were able to get out of the car before the train crashed into and totaled the car. This followed another incident of a car getting stuck on the tracks on the same rail crossing *only four days earlier*.

11.    On April 22, 2022, Plaintiff Ross Fontana ("Fontana"), Luigi Oronzio ("Oronzio") and a number of friends were socializing at a north campus apartment near the University of Delaware.

12.    That same night, Oronzio drove Fontana and some friends in his Toyota Camry from that north campus apartment to another friend's house to continue socializing. Oronzio had consumed alcohol prior to this incident.

13.     When driving to the friend's house, Oronzio drove the wrong way down New London Rd. towards W. Main St., and the vehicle became stuck and stranded in the railroad crossing between New London Rd. and W. Main St. ("New London Crossing").  The vehicle became stuck in the railroad crossing when Oronzio attempted to course correct after he realized he was going the wrong way on New London Rd.

14.     At the time of this incident, the New London Crossing was in a defective and dangerous condition so as to allow motor vehicles to become stuck and stranded in the railroad crossing. Due to the defective and dangerous condition of New London Crossing, Oronzio's vehicle became stuck on the train track and could not be moved.

15.     Moments later, an eastbound CSX train Q26120 with locomotives CSXT 889 and CSXT 3048 approached New London Crossing.

16.     Seeing the oncoming train, Oronzio was assisting Plaintiff Fontana to exit the immovable car as the train continued approaching New London Crossing and was struck by the car and/or the train after the train collided with the Camry.

17.     Oronzio died on April 27, 2022 as a result of the injuries he suffered in this incident.

18.     Plaintiff Fontana suffered severe and disabling injuries as a result of the collision including, but not limited to, multiple severe arm fractures, a

metacarpal deformity, an injured thigh muscle, permanent scarring, lumbar radiculopathy, severe back pain, recurring headaches, PTSD, severe depression and anxiety disorder.

19.    The locomotive that collided with the Camry was owned and operated by one or both Defendants CSX and CSXT.

20.    New London Crossing – including warning devices, roadway, and crossing surfaces – was designed, approved, built, maintained and/or under the control of the Railroad Defendants at all times relevant to the averments in this Complaint.

21.    Railroad Defendants were responsible for the design, construction, safety, maintenance and upkeep of the New London Crossing at all times relevant to the averments in this Complaint.

## COUNT I. NEGLIGENCE AND RECKLESSNESS
## (RAILROAD DEFENDANTS)

22.    Plaintiff incorporates the allegations of paragraphs 1-21 as though same were fully set forth at length herein.

23.    At all times relevant and material hereto, Railroad Defendants owed a duty to individuals such as Ross Fontana to exercise reasonable and ordinary care in the design, construction and maintenance of New London Crossing.

24.    At all times relevant and material hereto, Railroad Defendants owed a duty to individuals such as Ross Fontana to exercise reasonable and ordinary care to avoid creating an unnecessary risk of collisions at railroad crossings, including but not limited to, the duty to warn of an oncoming train at railroad crossings and to minimize the risk of a vehicle becoming stuck and stranded in the New London Crossing.

25.    By committing the acts and omissions described herein, Railroad Defendants breached said duties of care.

26.    Railroad Defendants breached said duties of care by (a) violating Federal Standards, including but not limited to the Code of Federal Regulations; (b) violating the laws of the State of Delaware; and (c) violating Railroad Defendants' internal code of operations, as well as the General Code of Operating Rules.

27.    Railroad Defendants' breaches of said duties of care include, but are not limited to:

      a.  Failure to design, construct and maintain a safe crossing at the accident location;

      b.  Inadequate maintenance of the crossing, including but not limited to the railroad tracks, roadway surface, sight distances, crossing devices, and the surrounding area;

c. Failure to have a proper warning/alarm system or maintain a warning/alarm system;

d. Failure to have a security arm coming towards the track northbound on New London Road;

e. Failure to eliminate, or permitting the existence of a dangerous condition to exist and subjecting the area to an unreasonable risk of injury to the public;

f. Failure to erect barriers to prevent errant vehicles from becoming stuck on New London Crossing;

g. Failure to develop and/or implement a reasonable policy for identifying its particularly dangerous or ultrahazardous railroad crossings;

h. Failure to eliminate or reduce the dangers presented to motorists at New London Crossing;

i. Failure to eliminate track impediments causing vehicles to become stuck on the railroad tracks;

j. Failure to properly grade New London Crossing causing vehicles to get stuck;

k. Failure to exercise reasonable care and skill by creating, failing to eliminate, or permitting the existence of obstructions in the sight

lines around New London Crossing thereby allowing a dangerous condition to exist and causing an unreasonable risk of injury to the public;

l.  Allowing the train to exceed the Class speed limit;

m. Causing a collision with the Oronzio vehicle;

n.  Failure to have advanced whistle boards;

o.  In a manner as may be further revealed through discovery.

28.    Railroad Defendants breached said duties of care despite an extensive history of vehicle accidents at New London Crossing, which has been cited as "one of the state's most dangerous" railway crossings.[1]

29.    Railroad Defendants had notice of this danger as evidenced by prior conversations and meetings with Delaware Department of Transportation and City of Newark officials and two publicized incidents approximately two months prior to the April 22, 2022 crash.[2]

30.    The collision and damages as described herein were the direct and proximate result of the negligence and recklessness of Railroad Defendants.

---

[1] Shannon, Josh. *Train crash highlights danger at Main Street rail crossing.* The Newark Post. April 1, 2016. https://www.newarkpostonline.com/news/train-crash-highlights-danger-at-main-street-rail-crossing/article_ef464c1b-d461-564e-99d7-53ac1a686609.html
[2] *Id.*

31.    The negligence and recklessness of the agents, servants, workmen and/or employees of Railroad Defendants occurred within the course and scope of said employment and/or agency with Railroad Defendants, is imputed upon Railroad Defendants and said Defendant(s) are liable for same.

32.    Railroad Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of others, including Plaintiff thereby entitling Plaintiff to punitive and exemplary damages so as to punish and deter Railroad Defendants from similar conduct in the future.

## COUNT II. NEGLIGENCE (THE ESTATE OF LUIGI ORONZIO)

33.    Plaintiff incorporates the allegations of paragraphs 1-32 as though same were fully set forth at length herein.

34.    At all times relevant and material hereto, defendant Luigi Oronzio owed a duty to Plaintiff to exercise reasonable and ordinary care, and to avoid creating the risk of collision while driving a motor vehicle.

35.    Defendant Oronzio was a proximate cause of the collision and all injury therefrom, by negligently:

(a)    Operating a vehicle in a careless or imprudent manner, in violation of 21 DEL.C. § 4176(a) and common law;

(b)    Operating a vehicle in an inattentive manner, in violation of 21 DEL.C. §

00294710.1                                    9

4176(b);

(c)     Failing to maintain a proper lookout, in violation of 21 **DEL.C.** § 4176(b);

(d)     Operating the vehicle while under the influence of alcohol; and

(e)     Failing to maintain a vehicle under proper control.

(f)      The accident and damages as described herein were a direct and proximate result of the negligent and careless acts and omissions of Oronzio.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) Past, present, and future pain and suffering;

(b) Compensation for permanent injuries;

(c) Past, present, and future medical expenses;

(d) Impairment of past, present, and future earning potential;

(e) Impairment of past, present, and future enjoyment of life;

(f) General pain and suffering;

(g) Court costs;

(h) Punitive damages; and

(i) Any other relief which the Court deems just and equitable.

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100
Attorneys for Plaintiff

EFiled:  Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA                          |
                                      |
                                      |
              Plaintiff,              |  C.A. No.
                                      |
v.                                    |  Jury Trial Demanded
                                      |
CSX CORPORATION,                      |
CSX TRANSPORTATION, INC.,             |
and ANITA ORONZIO and                 |
GABRIEL ORONZIO, III, as Personal     |
Representatives of THE ESTATE         |
OF LUIGI ORONZIO,                     |
                                      |
              Defendants.             |

## PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1.     Give the name and present or last known residential and employment

address and telephone number of each eyewitness to the incident which is the subject

of the litigation.

**ANSWER:   Ross Fontana**
           **2030 Valley View Drive**
           **Folcroft, PA 19032**

           **See Police Report.**

2.     Give the name and present or last known residential and employment

address and telephone number of each person who has knowledge of the facts relating

to the litigation.

00295667.1

**ANSWER:  Plaintiff and his attorney, medical care providers, Defendant and its agents.  See police report.**

3.    Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

**ANSWER:  Counsel has interviewed Plaintiff.**

4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the personal having the original copies thereof.  (In lieu thereof, a copy can be attached.)

**ANSWER:  This information will be supplied after an appearance has been made on behalf of Defendant.**

5.    Give the name and professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If any expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**ANSWER:  No experts have been retained to date.**

6.    Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

(a)    The name and address of all companies insuring the risk;

(b)    The policy number(s);

(c)    The type of insurance;

(d)    The amounts of primary, secondary and excess coverage.

**ANSWER:  Unknown at this time.**

7.    Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

**ANSWER:  This information will be supplied after an appearance has been made on behalf of Defendant.**

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

**EFiled:  Apr 18 2024 02:11PM EDT**
**Transaction ID 72777757**
**Case No. K24C-04-018 JJC**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA                          |
                                      |
                                      |
        Plaintiff,                    |   C.A. No.
                                      |
v.                                    |   Jury Trial Demanded
                                      |
CSX CORPORATION,                      |
CSX TRANSPORTATION, INC.,             |
and ANITA ORONZIO and                 |
GABRIEL ORONZIO, III, as Personal     |
Representatives of THE ESTATE         |
OF LUIGI ORONZIO,                     |
                                      |
        Defendants.                   |

## PLAINTIFF'S RULE 3(h) STATEMENT

I.    Answers to Superior Court Civil Rule Form 30 Interrogatories are attached hereto.

II.    To be provided to defense counsel.

III.    To be provided to defense counsel without the need for further request as documentation is obtained.

[Signature Block to Follow]

00295666.1

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100
Attorneys for Plaintiff

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: New Castle ____ Kent _x_ Sussex_____    Civil Action Number: _____
Civil Case Code: <u>CPIN</u>                         Civil Case Type: <u>Personal Injury</u>
                    (See Page Two for Civil Case Code & Civil Case Type)

| Caption: | Name and Status of Party filing document: |
|---|---|
| <u>Ross Fontana,</u>  <br><br>                    Plaintiff,  <br><br>      v.  <br><br> <u>CSX Corporation, CSX Transportation, Inc., and Anita Oronzio and Gabriel Oronzio, III, as Personal Representatives of the Estate of Luigi Oronzio,</u>  <br><br>                    Defendant. | <u>Plaintiff</u>  <br><br> Document Type: (e.g., Complaint; Answer with counterclaim)  <br><br> <u>Complaint</u>  <br><br> Jury Demand   Yes _x_  No ____  <br><br> Track Assignment Requested (Check one):  <br><br> **Expedited ___  Standard _X_  Complex** |
| Attorney Name(s):  <br><br> <u>Philip T. Edwards, Esq.</u>  <br><br> Attorney ID(s):  <br><br> <u>4393</u>  <br><br> Firm Name:  <br><br> <u>Murphy & Landon</u>  <br><br> Address:  <br><br> <u>1011 Centre Road, Suite 210</u>  <br><br> <u>Wilmington, DE 19805</u>  <br><br> Telephone Number:  <br><br> <u>(302) 472-8100</u>  <br><br> Fax Number:  <br><br> <u>(302) 472-8135</u>  <br><br> E-Mail Address:  <br><br> <u>pedwards@msllaw.com</u> | Identify any related cases now pending in the Superior Court by Caption and Civil Action number including Judge's initials  <br> _____  <br> _____  <br> _____  <br><br> Explain the relationship(s):  <br> _____  <br> _____  <br> _____  <br> _____  <br><br> Other unusual issues that affect Case Management:  <br> _____  <br> _____  <br> _____  <br> (If additional space is needed, please attach page.) |

The Prothonotary will not process the complaint, answer, or first responsive pleading in this matter for service until the case information statement (CIS) is filed.  The failure to file the CIS and have the pleading processed for service may result in the dismissal of the complaint or may result in the answer or first responsive pleading being stricken.

00295668.1

**EFiled: Apr 18 2024 02:11PM EDT**
**Transaction ID 72777757**
**Case No. K24C-04-018 JJC**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA                                            |
                                                        |
                                                        |
            Plaintiff,                                  |  C.A. No.
                                                        |
v.                                                      |  Jury Trial Demanded
                                                        |
CSX CORPORATION,                                        |
CSX TRANSPORTATION, INC.,                               |
and ANITA ORONZIO and                                   |
GABRIEL ORONZIO, III, as Personal                       |
Representatives of THE ESTATE                           |
OF LUIGI ORONZIO,                                       |
                                                        |
            Defendants.                                 |

## PRAECIPE FOR SUMMONS FOR DEFENDANT

### TO:  PROTHONOTARY

**PLEASE ISSUE WRIT** to undersigned counsel so that plaintiff may

summon defendant CSX Corporation, a non-resident corporation, to answer

in accordance with 10 **DEL.C.** § 3104

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

00295607.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA                          |
                                      |
                                      |
              Plaintiff,              |  C.A. No.
                                      |
v.                                    |  Jury Trial Demanded
                                      |
CSX CORPORATION,                      |
CSX TRANSPORTATION, INC.,             |
and ANITA ORONZIO and                 |
GABRIEL ORONZIO, III, as Personal     |
Representatives of THE ESTATE         |
OF LUIGI ORONZIO,                     |
                                      |
              Defendants.             |

### PRAECIPE FOR SUMMONSES

**TO: PROTHONOTARY**

**PLEASE ISSUE WRIT** commanding the Sheriff of New Castle County to summon defendants as follows:

1.    CSX Transportation, Inc. by serving Summons and Complaint upon its Registered Agent for service of process:   The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801;

2.    Anita Oronzio and Gabriel Oronzio, III as Personal Representatives of the Estate of Luigi Oronzio upon: Baird, Mandalas, Brockstedt & Federico at 2711 Centerville Road, #401, Wilmington, DE 19808.

00295603.1

MURPHY & LANDON


*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

**EFiled: Apr 18 2024 02:11PM EDT**
**Transaction ID 72777757**
**Case No. K24C-04-018 JJC**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA

                Plaintiff,

v.

CSX CORPORATION,
CSX TRANSPORTATION, INC.,
and ANITA ORONZIO and
GABRIEL ORONZIO, III, as Personal
Representatives of THE ESTATE
OF LUIGI ORONZIO,

                Defendants.

|

C.A. No.

Jury Trial Demanded

**THE STATE OF DELAWARE:**

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

    To summon defendants **ANITA ORONZIO AND GABRIEL ORONZIO, III, AS PERSONAL REPRESENTATIVES OF THE ESTATE OF LUIGI ORONZIO,** by serving Summons and Complaint upon Baird Mandalas Brockstedt & Federico, 2711 Centerville Road, #401, Wilmington, DE 19808, so that, within 20 days after service hereof, exclusive of the day of service, defendant shall serve upon Philip T. Edwards, Esq., attorney for the above-named plaintiff and whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the complaint.

                           Prothonotary Colleen Redmond

                           _____

                           *Per Deputy*

00295606.1

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney, named above, an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Prothonotary Colleen Redmond

_____

*Per Deputy*

00295606.1

**EFiled: Apr 18 2024 02:11PM EDT**
**Transaction ID 72777757**
**Case No. K24C-04-018 JJC**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | \| |
| | \| |
| | \| |
| Plaintiff, | \| C.A. No. |
| | \| |
| v. | \| Jury Trial Demanded |
| | \| |
| CSX CORPORATION, | \| |
| CSX TRANSPORTATION, INC., | \| |
| and ANITA ORONZIO and | \| |
| GABRIEL ORONZIO, III, as Personal | \| |
| Representatives of THE ESTATE | \| |
| OF LUIGI ORONZIO, | \| |
| | \| |
| Defendants. | \| |

**THE STATE OF DELAWARE:**

**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

To summon defendant **CSX TRANSPORTATION, INC.**, by serving Summons and Complaint upon its Registered Agent for service of process: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, so that, within 20 days after service hereof, exclusive of the day of service, defendant shall serve upon Roger D. Landon, Esq., attorney for the above-named plaintiff and whose address is Murphy & Landon, 1011 Centre Road, Suite 210, Wilmington, DE 19805, an answer to the complaint.

Prothonotary Colleen Redmond

_____

_Per Deputy_

**TO THE ABOVE-NAMED DEFENDANT:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney, named above, an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                                            Prothonotary Colleen Redmond

                                        _____

                                        *Per Deputy*

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA       |

      |

      |

           Plaintiff,       |       C.A. No.

      |

v.       |       Jury Trial Demanded

      |

CSX CORPORATION,       |

CSX TRANSPORTATION, INC.,       |

and ANITA ORONZIO and       |

GABRIEL ORONZIO, III, as Personal |

Representatives of THE ESTATE       |

OF LUIGI ORONZIO,       |

      |

           Defendants.       |

## COMPLAINT

1.     Plaintiff Ross Fontana is a resident of the State of Pennsylvania.

2.     Defendant CSX Corporation is a Virginia corporation and has a principal place of business at 500 Water Street, Jacksonville, Florida. Its registered agent for service of process is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, VA 23060-6808. Upon information and belief, CSX Corporation is the parent company of defendant CSX Transportation, Inc.

3.     Defendant CSX Transportation, Inc. ("CSXT") is a Virginia corporation and has a principal place of business at 500 Water Street, Jacksonville, Florida. Its registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Upon information and

belief, CSX Transportation has railroad lines, tracks, engines and boxcars which it owns, maintains and operates in Delaware. The two CSX defendants are hereafter referred to as "Railroad Defendants".

4.    Luigi Oronzio was a resident of the State of Delaware.

5.    Anita Oronzio and Gabriel Oronzio, III as Personal Representatives of the Estate of Luigi Oronzio can be served at the law offices of Baird Mandalas Brockstedt & Federico at 2711 Centerville Road, Suite 401, Wilmington, DE 19808.

## MATERIAL FACTS

6.    Unbeknownst to many drivers and passengers that find themselves at the New London Crossing, at all relevant times, the location was in a dangerous and defective condition that had previously resulted in at least one death and several other crashes when the confusing layout and poor condition of New London Crossing put drivers and passengers in peril.

7.    By way of a few examples, in November of 2012, a UPS truck driver out to make a delivery got stuck on the tracks at New London Crossing and was critically injured when a train barreled down the tracks and struck the truck.

8.     In 1999, a passenger who was asleep in a car that was stopped on the tracks was killed when a train struck the vehicle and efforts to remove him from the vehicle beforehand had failed.

9.     After yet another close call following the string of incidents, in 2015, CSX, who had known of the prior incidents, met with individuals from the Delaware Department of Transportation, but failed to adequately address the danger with any adequate precautionary measures.

10.    On March 10, 2022 – less than six weeks prior to the incident at hand, a driver who attempted to turn left at the crossing had his vehicle get stuck on the tracks. Due to the fast action and help of two good Samaritans and police officers, the driver and two passengers were able to get out of the car before the train crashed into and totaled the car. This followed another incident of a car getting stuck on the tracks on the same rail crossing *only four days earlier*.

11.    On April 22, 2022, Plaintiff Ross Fontana ("Fontana"), Luigi Oronzio ("Oronzio") and a number of friends were socializing at a north campus apartment near the University of Delaware.

12.    That same night, Oronzio drove Fontana and some friends in his Toyota Camry from that north campus apartment to another friend's house to continue socializing. Oronzio had consumed alcohol prior to this incident.

13.    When driving to the friend's house, Oronzio drove the wrong way down New London Rd. towards W. Main St., and the vehicle became stuck and stranded in the railroad crossing between New London Rd. and W. Main St. ("New London Crossing"). The vehicle became stuck in the railroad crossing when Oronzio attempted to course correct after he realized he was going the wrong way on New London Rd.

14.    At the time of this incident, the New London Crossing was in a defective and dangerous condition so as to allow motor vehicles to become stuck and stranded in the railroad crossing. Due to the defective and dangerous condition of New London Crossing, Oronzio's vehicle became stuck on the train track and could not be moved.

15.    Moments later, an eastbound CSX train Q26120 with locomotives CSXT 889 and CSXT 3048 approached New London Crossing.

16.    Seeing the oncoming train, Oronzio was assisting Plaintiff Fontana to exit the immovable car as the train continued approaching New London Crossing and was struck by the car and/or the train after the train collided with the Camry.

17.    Oronzio died on April 27, 2022 as a result of the injuries he suffered in this incident.

18.    Plaintiff Fontana suffered severe and disabling injuries as a result of the collision including, but not limited to, multiple severe arm fractures, a

metacarpal deformity, an injured thigh muscle, permanent scarring, lumbar radiculopathy, severe back pain, recurring headaches, PTSD, severe depression and anxiety disorder.

19. The locomotive that collided with the Camry was owned and operated by one or both Defendants CSX and CSXT.

20. New London Crossing – including warning devices, roadway, and crossing surfaces – was designed, approved, built, maintained and/or under the control of the Railroad Defendants at all times relevant to the averments in this Complaint.

21. Railroad Defendants were responsible for the design, construction, safety, maintenance and upkeep of the New London Crossing at all times relevant to the averments in this Complaint.

## COUNT I. NEGLIGENCE AND RECKLESSNESS
### (RAILROAD DEFENDANTS)

22. Plaintiff incorporates the allegations of paragraphs 1-21 as though same were fully set forth at length herein.

23. At all times relevant and material hereto, Railroad Defendants owed a duty to individuals such as Ross Fontana to exercise reasonable and ordinary care in the design, construction and maintenance of New London Crossing.

24.     At all times relevant and material hereto, Railroad Defendants owed a

duty to individuals such as Ross Fontana to exercise reasonable and ordinary care

to avoid creating an unnecessary risk of collisions at railroad crossings, including

but not limited to, the duty to warn of an oncoming train at railroad crossings and

to minimize the risk of a vehicle becoming stuck and stranded in the New London

Crossing.

25.     By committing the acts and omissions described herein, Railroad

Defendants breached said duties of care.

26.     Railroad Defendants breached said duties of care by (a) violating

Federal Standards, including but not limited to the Code of Federal Regulations;

(b) violating the laws of the State of Delaware; and (c) violating Railroad

Defendants' internal code of operations, as well as the General Code of Operating

Rules.

27.     Railroad Defendants' breaches of said duties of care include, but are

not limited to:

>   a.  Failure to design, construct and maintain a safe crossing at the
>       accident location;
>
>   b.  Inadequate maintenance of the crossing, including but not limited
>       to the railroad tracks, roadway surface, sight distances, crossing
>       devices, and the surrounding area;

c. Failure to have a proper warning/alarm system or maintain a warning/alarm system;

d. Failure to have a security arm coming towards the track northbound on New London Road;

e. Failure to eliminate, or permitting the existence of a dangerous condition to exist and subjecting the area to an unreasonable risk of injury to the public;

f. Failure to erect barriers to prevent errant vehicles from becoming stuck on New London Crossing;

g. Failure to develop and/or implement a reasonable policy for identifying its particularly dangerous or ultrahazardous railroad crossings;

h. Failure to eliminate or reduce the dangers presented to motorists at New London Crossing;

i. Failure to eliminate track impediments causing vehicles to become stuck on the railroad tracks;

j. Failure to properly grade New London Crossing causing vehicles to get stuck;

k. Failure to exercise reasonable care and skill by creating, failing to eliminate, or permitting the existence of obstructions in the sight

lines around New London Crossing thereby allowing a dangerous condition to exist and causing an unreasonable risk of injury to the public;

l.  Allowing the train to exceed the Class speed limit;

m. Causing a collision with the Oronzio vehicle;

n.  Failure to have advanced whistle boards;

o.  In a manner as may be further revealed through discovery.

28.  Railroad Defendants breached said duties of care despite an extensive history of vehicle accidents at New London Crossing, which has been cited as "one of the state's most dangerous" railway crossings.[1]

29.  Railroad Defendants had notice of this danger as evidenced by prior conversations and meetings with Delaware Department of Transportation and City of Newark officials and two publicized incidents approximately two months prior to the April 22, 2022 crash.[2]

30.  The collision and damages as described herein were the direct and proximate result of the negligence and recklessness of Railroad Defendants.

---

[1] Shannon, Josh. *Train crash highlights danger at Main Street rail crossing.* The Newark Post. April 1, 2016. https://www.newarkpostonline.com/news/train-crash-highlights-danger-at-main-street-rail-crossing/article_ef464c1b-d461-564e-99d7-53ac1a686609.html
[2] *Id.*

31.     The negligence and recklessness of the agents, servants, workmen and/or employees of Railroad Defendants occurred within the course and scope of said employment and/or agency with Railroad Defendants, is imputed upon Railroad Defendants and said Defendant(s) are liable for same.

32.     Railroad Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of others, including Plaintiff thereby entitling Plaintiff to punitive and exemplary damages so as to punish and deter Railroad Defendants from similar conduct in the future.

### COUNT II. NEGLIGENCE (THE ESTATE OF LUIGI ORONZIO)

33.     Plaintiff incorporates the allegations of paragraphs 1-32 as though same were fully set forth at length herein.

34.     At all times relevant and material hereto, defendant Luigi Oronzio owed a duty to Plaintiff to exercise reasonable and ordinary care, and to avoid creating the risk of collision while driving a motor vehicle.

35.     Defendant Oronzio was a proximate cause of the collision and all injury therefrom, by negligently:

(a)     Operating a vehicle in a careless or imprudent manner, in violation of 21 **DEL.C.** § 4176(a) and common law;

(b)     Operating a vehicle in an inattentive manner, in violation of 21 **DEL.C.** §

4176(b);

(c)    Failing to maintain a proper lookout, in violation of 21 **DEL.C.** § 4176(b);

(d)    Operating the vehicle while under the influence of alcohol; and

(e)    Failing to maintain a vehicle under proper control.

(f)     The accident and damages as described herein were a direct and proximate result of the negligent and careless acts and omissions of Oronzio.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) Past, present, and future pain and suffering;

(b) Compensation for permanent injuries;

(c) Past, present, and future medical expenses;

(d) Impairment of past, present, and future earning potential;

(e) Impairment of past, present, and future enjoyment of life;

(f) General pain and suffering;

(g) Court costs;

(h) Punitive damages; and

(i) Any other relief which the Court deems just and equitable.

00294710.1                                    10

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

EFiled:  Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSS FONTANA | \| |
| | \| |
| | \| |
| Plaintiff, | \|  C.A. No. |
| | \| |
| v. | \|  Jury Trial Demanded |
| | \| |
| CSX CORPORATION, | \| |
| CSX TRANSPORTATION, INC., | \| |
| and ANITA ORONZIO and | \| |
| GABRIEL ORONZIO, III, as Personal | \| |
| Representatives of THE ESTATE | \| |
| OF LUIGI ORONZIO, | \| |
| | \| |
| Defendants. | \| |

**PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES**

1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

**ANSWER:  Ross Fontana**
**2030 Valley View Drive**
**Folcroft, PA 19032**

**See Police Report.**

2.    Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

00295667.1

**ANSWER:** **Plaintiff and his attorney, medical care providers, Defendant and its agents. See police report.**

3.    Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

**ANSWER:** **Counsel has interviewed Plaintiff.**

4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the personal having the original copies thereof.  (In lieu thereof, a copy can be attached.)

**ANSWER:** **This information will be supplied after an appearance has been made on behalf of Defendant.**

5.    Give the name and professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If any expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**ANSWER:** **No experts have been retained to date.**

6.      Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

(a)      The name and address of all companies insuring the risk;

(b)      The policy number(s);

(c)      The type of insurance;

(d)      The amounts of primary, secondary and excess coverage.

**ANSWER:  Unknown at this time.**

7.      Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

**ANSWER:  This information will be supplied after an appearance has been made on behalf of Defendant.**

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE  19805
302-472-8100
Attorneys for Plaintiff

00295667.1

EFiled: Apr 18 2024 02:11PM EDT
Transaction ID 72777757
Case No. K24C-04-018 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROSS FONTANA |

              Plaintiff, | C.A. No.

v. | Jury Trial Demanded

CSX CORPORATION, |
CSX TRANSPORTATION, INC., |
and ANITA ORONZIO and |
GABRIEL ORONZIO, III, as Personal |
Representatives of THE ESTATE |
OF LUIGI ORONZIO, |

             Defendants. |

## PLAINTIFF'S RULE 3(h) STATEMENT

I.      Answers to Superior Court Civil Rule Form 30 Interrogatories are attached hereto.

II.     To be provided to defense counsel.

III.    To be provided to defense counsel without the need for further request as documentation is obtained.

[Signature Block to Follow]

00295666.1

MURPHY & LANDON

*/s/ Philip T. Edwards*
Roger D. Landon, I.D. No. 2460
Philip T. Edwards, I.D. No. 4393
Scott M. Himelein, I.D. No. 7065
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100
Attorneys for Plaintiff